

**IT IS ORDERED as set forth below:**

**Date: October 1, 2018**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| IN RE: | |
| LINDA COTY BULLOCK, | CASE NO. 08-43724-BEM |
| Debtor. | CHAPTER 7 |
| LINDA COTY BULLOCK, | |
| Movant, | |
| v. | Contested Matter |
| BAYVIEW LOAN SERVICING, LLC, as assignee and successor in interest to YALE MORTGAGE CORPORATION, | |
| Respondent. | |

**O R D E R**

This matter comes before the Court on Debtor's Motion to Vacate the Order Granting Relief From Stay (the "Motion to Vacate") [Doc. 315], Bayview Loan Servicing, LLC's ("Bayview") Response thereto (the "Response") [Doc. 319], and both parties' replies

[Docs. 320, 324, 328]. In its Response, Bayview asks the Court to sanction Debtor by requiring her to pay Bayview's attorney fees and costs incurred in responding to the Motion to Vacate. Bayview has since filed a separate motion for sanctions against Debtor pursuant to Federal Rule of Bankruptcy Procedure 9011. [Doc. 331].

## I. BACKGROUND

Debtor filed a Chapter 11 petition on November 3, 2008. [Doc. 1]. On Schedule A, Debtor listed real property located at 14300 Bay Cove, Panama City Beach, Florida (the "Property"). [Doc. 26 at 8]. On Schedule D, Debtor listed Yale Mortgage Corporation ("Yale") as "Assignee or other notification for: Roth & Scholl," and she listed Roth & Scholl as a creditor secured by the Property with a claim of $133,333. [*Id.* at 16]. Debtor did not mark any of the boxes to indicate the claim was contingent, unliquidated, or disputed. [*Id.*]. On December 19, 2008, Yale filed a Motion for Relief From Automatic Stay with respect to the Property (the "Motion for Stay Relief"). [Doc. 31]. Attached to the Motion for Stay Relief was a copy of a Promissory Note (the "Note") between Debtor and Yale in the amount of $112,450, dated December 12, 2003, and signed by Debtor. Also attached to the Motion for Relief was a copy of a Mortgage Deed and Security Agreement (the "Mortgage") dated December 12, 2003, and signed by Debtor in which Debtor granted Yale a first mortgage in the Property.[1] On January 28, 2009, the Court entered a strict compliance consent order that left the stay in place but imposed certain obligations on Debtor, subject to the stay being lifted upon Debtor's default. [Doc. 44].

On April 28, 2009, Yale filed a Motion for Order Granting Relief From Stay Following Default of Consent Order, alleging that Debtor had failed to comply with her obligations under the strict compliance order (the "Default Motion"). [Doc. 53]. Debtor did not

---

[1] Debtor listed the Property with the street name "Bay Cove" on Schedule A and "Bay Circle" on Schedule D. [Doc. 26 at 8, 16]. The Motion for Stay Relief identifies the street name as "Bay Avenue." [Doc. 31 at 4].

2

file a response, and on May 15, 2009, the Court entered an order modifying the stay to allow Yale, "its successors and assigns, to proceed to assert its state law rights, including foreclosure proceedings as to the Property" (the "Stay Relief Order"). [Doc. 55]. It is the Stay Relief Order that Debtor now seeks to vacate. Bayview is Yale's successor in interest by assignment.[2]

On December 17, 2009, Debtor's case was converted to Chapter 7. [Doc. 115]. On August 4, 2014, the Chapter 7 Trustee filed a Notice of Intent to Abandon Property, including the Property at issue, as not having any value to the estate. [Doc. 280]. When no objections were filed within 14 days after filing of the notice of abandonment, the Property was deemed abandoned. 11 U.S.C. § 554(a); Fed. R. Bankr. P. 6007(a); BLR 6007-1(b) N.D. Ga. Debtor received a discharge on August 16, 2018. [Doc. 321].

## II. LEGAL ANALYSIS

Debtor's Motion is styled as a Motion to Vacate. The Stay Relief Order was entered on May 15, 2009, and was not appealed. Therefore the applicable rule is Federal Rule of Civil Procedure 60(b),[3] made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, which sets forth grounds for granting relief from a final order as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[2] Debtor alleges Yale assigned the Mortgage to Bayview on February 20, 2004. [Doc. 320 at 1, Doc. 328 at 1]. She further alleges Bayview assigned the Mortgage back to Yale, and provides two different dates for this assignment: August 7, 2008 [Doc. 328 at 1] and November 10, 2008 [Doc. 320 at 1]. Finally, Debtor alleges that Yale reassigned the Mortgage to Bayview on July 28, 2010, and that the assignment was not recorded. [Doc. 315 at 2, Doc. 320 at 1, Doc. 328 at 1].

[3] Debtor's reply cites to O.C.G.A. § 9-11-60 [Doc. 328], which is not applicable in federal court.

3

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion to vacate for the first three reasons must be filed within a year after entry of the Order. *Id.* 60(c)(1). For all other reasons, the motion must be filed within a reasonable time. *Id.* Whether to grant relief under Rule 60(b) is within the discretion of the Court. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 679 (11th Cir. 1984).

Debtor's Motion to Vacate is primarily premised on alleged misconduct by Yale and Bayview; specifically that Yale presented a forged note with its Motion for Stay Relief. In addition, in her replies, Debtor alleges lack of standing based on the alleged use of a forged note [Doc. 328 at 3] and based on the allegation that "Yale Mortgage obtained title to Debtor's property illegally at the closing table …." [Doc. 320 at 4]. With respect to the Mortgage, Debtor contends it incorrectly describes the Property as being located in Panama City rather than Panama City Beach.

With respect to the Note, Debtor's Motion to Vacate and Bayview's Response agree that, after the automatic stay was modified, Bayview filed a Complaint to Foreclose the Property against Debtor in Florida state court. [Doc. 315 at 2; Doc. 319 at 4]. They further agree the foreclosure was decided in Debtor's favor on February 9, 2015, with entry of a judgment in which the state court found Bayview had failed to prove it had standing to enforce the Note and failed to prove the amount due on the Note. [Doc. 315 at 2; Doc. 319 at 4 and Ex. B]. Debtor states that the Note was placed into the registry of the court, which Debtor says is required by the Florida Supreme Court when a lender loses a case so that the note cannot be resold or litigated. [Doc. 315 at 2]. Debtor and Bayview agree that in July 2015, Bayview initiated another

foreclosure case in which it stated there were two notes (the "2015 Foreclosure Action").[4] [Doc. 315 at 2; Doc. 319 at 4 and Ex. D ¶ 16]. Debtor contends the second, allegedly forged note is the note sent to Yale's counsel to obtain stay relief, which constituted fraud on the Bankruptcy Court, fraud on Debtor, and perjury. [Doc. 315 at 2]. Debtor states she was not aware of the second note until Bayview filed the 2015 Foreclosure Action and stated there were two notes. [*Id.*].

Debtor's Motion to Vacate was filed on July 16, 2018, more than nine years after the May 15, 2009 entry of the Stay Relief Order. Because more than one year has passed since entry of the Stay Relief Order, Debtor is not entitled to relief based on mistake under Rule 60(b)(1), newly discovered evidence under Rule 60(b)(2), or fraud or misconduct under Rule 60(b)(3). Fed. R. Civ. P. 60(c)(1). Even if the one-year period did not begin to run until the discovery of the alleged fraud, the time has expired because Debtor stated that she learned of the allegedly fraudulent note in July 2015 when the 2015 Foreclosure Action was filed. Nevertheless, this timing issue "does not limit a court's power to … set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

To establish fraud on the court, Debtor must show by clear and convincing evidence

> "the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party *in which an attorney is implicated* …." Stated differently, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. … Fraud between the parties does not constitute fraud on the court, as it does not carry the same threat of public injury.

---

[4] A copy of the complaint in the 2015 Foreclosure Action is attached to Bayview's Response and to Debtor's second reply. In the complaint, Bayview alleges the existence of two original notes; that Bayview has possession of one of the original notes; that the notes have the same terms, were signed at the same time, and relate to the same mortgage; and that Bayview agrees to indemnify Debtor if a third party attempts to enforce the other original note. [Doc. 319, Ex. D ¶ 16-18; Doc. 328, Ex. B].

5

*Gupta v. Walt Disney World Co.*, 482 F. App'x. 458, 459 (11th Cir. 2012) (emphasis added) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) and citing *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 273 (11th Cir. 1988)).[5] Furthermore, "[c]onclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud…." *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987) (citation and quotation marks omitted).

Debtor's allegations are nothing more than conclusions based on the existence of a second note. The existence of a second note, however unusual, is not sufficient to raise the issue of fraud on the Court. Even if the second note were forged, Debtor does not allege that counsel for Yale had any knowledge of that impropriety when it filed the Motion for Stay Relief or subsequent Default Motion, nor does Debtor offer any facts that would support such an allegation. Furthermore, such a forgery would not by itself provide a basis for relief under Rule 60(d)(3) because perjury and fabricated evidence "can and should be exposed at trial."[6] *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 971 (11th Cir. 2015) (citing *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985)). "[I]t does not prevent a party from gaining access to an impartial system of justice." *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 274 (11th Cir. 1988). Accordingly, Debtor is not entitled to relief under Rule 60(d)(3).

Turning to Rule 60(b)(4)-(6), even assuming Debtor's Motion to Vacate was filed within a reasonable time, it does not establish any basis for relief. To establish the Stay Relief

---

[5] In arguing fraud, Debtor cited to O.C.G.A. § 44-2-43 [Doc. 320], which is a provision of the Georgia Land Registration Law. O.C.G.A. § 44-2-40 et seq. Debtor has not alleged that the Property is registered in Georgia or has been the subject of any land registration proceedings in Georgia. The Property is located in Florida.

[6] Debtor's allegations of fraud could have been raised in the 2015 Dispossessory Proceeding.

Order is void under Rule 60(b)(4), it must have been "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[7] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377 (2010) (citations omitted). The type of jurisdictional defect that falls within the scope of Rule 60(b)(4) is "the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* (citations omitted). Although Debtor argues that the Court lacked jurisdiction and Yale lacked standing to obtain stay relief, this argument is not supported by the record, nor has Debtor shown that she was denied notice and opportunity to be heard.

Modification of the automatic stay is governed by 11 U.S.C. § 362(d). Thus it arises under Title 11 and falls within the Court's core jurisdiction. 28 U.S.C. §§ 157(b)(2)(G), 1334(b). Determination of a motion for stay relief does not result in a final adjudication of the rights of the parties.[8] *In re Hayden*, No. 13-57281, 2013 WL 3776296 at *1 (Bankr. N.D. Ga. June 25, 2013) (Diehl, J.) (citing *In re Veal*, 450 B.R. 897, 914-15 (B.A.P. 9th Cir. 2011)). Thus, to obtain stay relief, a creditor is only required to "establish that it has a colorable claim to enforce a right against property of the estate." *Id.* Yale satisfied this burden by including with its Motion for Stay Relief copies of the Note and Mortgage. The motion included a notice of hearing and a certificate of service showing it was served on Debtor and Debtor's counsel. Debtor did not object to the motion or the attached documents, and the motion was resolved by consent order. When Yale thereafter sought stay relief due to Debtor's default under the terms of

---

[7] Debtor cites to three Georgia cases for the proposition that an order entered without subject matter jurisdiction is void. *Carpenter v. Carpenter*, 276 Ga. 746, 583 S.E.2d 852 (2003); *James v. Intown Ventures, LLC.*, 290 Ga. 813, 725 S.E.2d 213 (2012); *Cabrel v. Lum*, 289 Ga. 233, 710 S.E.2d 810 (2011). Although these cases are not applicable to federal courts, similar principles apply in federal courts as described in this order.

[8] To that end, Debtor's argument that Bayview's alleged fraud is a defense to her obligation to pay the Note under U.C.C. §§ 3-203 and 3-305(a)(2), is one for the Florida state courts to decide. [Doc. 320 at 2].

7

the consent order, the Default Motion included documentation showing Debtor and her attorney were served with a delinquency notice and with the Default Motion. Debtor again failed to object, and the relief was granted via the Stay Relief Order. Debtor's contention that Yale provided a fraudulent note with the Motion for Stay Relief does not alter the jurisdictional analysis, nor does it demonstrate that Debtor was denied notice or an opportunity to be heard. Accordingly, Debtor has not shown she is entitled to relief under Rule 60(b)(4).

To establish a right to relief under Rule 60(b)(5), Debtor must show that the Stay Relief Order was satisfied, released, or discharged; that it was based on a prior ruling that was reversed or vacated; or that applying the Stay Relief Order "prospectively is no longer equitable." Debtor does not allege that the Stay Relief Order was in any way satisfied or based on an invalidated prior ruling. Debtor has also failed to show that the Stay Relief Order has an inequitable prospective effect. For purposes of Rule 60(b)(5), a prospective order "'involve[s] the supervision of changing conduct or conditions," such as a continuing injunction order or an order issued in institutional reform litigation. *Griffin v. Secretary, Florida Dept. of Corrections*, 787 F.3d 1086, 1091 (11th Cir. 2015) (quoting *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980)); *Horne v. Flores*, 557 U.S. 433, 447, 129 S. Ct. 2579, 2593 (2009). An order that dissolves an injunction, such as the Stay Relief Order, does not have the type of prospective application contemplated by Rule 60(b)(5). *See Griffin*, 787 F.3d at 1092. Accordingly, Debtor is not entitled to relief under Rule 60(b)(5).

Rule 60(b)(6) is a catchall provision that provides for relief not available under any other section of Rule 60(b). "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, __ U.S. __, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005)). Debtor has not presented the kind of

8

extraordinary circumstances that justify relief under Rule 60(b)(6), especially when her allegations raise issues from a separate judicial proceeding and can be addressed in that proceeding.[9] Furthermore, Debtor's allegations do not justify vacating the Stay Relief Order when the bankruptcy estate has no interest in the Property and no bankruptcy purpose would be served by vacating the Order. Once the Property was abandoned, it was no longer property of the estate. And, under the Stay Relief Order, Bayview can only enforce those rights it holds under state law. Questions about the extent of those rights, including the enforceability of the Note, Mortgage, and assignments and any underlying fraud, are for the state courts to decide.

To the extent Debtor seeks a reimposition of the automatic stay or an injunction against Bayview, she has not established any basis for such relief. The automatic stay terminated when Debtor's discharge was entered on August 16, 2018. Thus, there is no automatic stay to reimpose.

To obtain an injunction, Debtor must show: (1) a substantial likelihood of success on the merits; (2) she will suffer an irreparable injury unless the injunction issues; (3) the threatened injury to Debtor will outweigh the damage the proposed injunction will cause Bayview; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Debtor has failed to establish the first of these requirements. Given that there is no longer an automatic stay and the Property is no longer property of the estate, it is unclear how this Court can grant Debtor any relief with respect to the Property or Bayview's conduct as alleged in her Motion. For the foregoing reasons, it is

ORDERED that Debtor's Motion to Vacate [Doc. 315] is DENIED; it is further

---

[9] Exhibit E to Bayview's Response purports to be a Closing Argument Memo filed by Debtor's counsel in the 2015 Foreclosure Action that questions inconsistencies between the two notes. [Doc. 319, Ex. E]. Bayview asserts that the state court entered a final judgment for Bayview in the 2015 Foreclosure Action on June 28, 2018, and that the judgment is the subject of a pending appeal filed by Debtor on July 25, 2018, nine days after she filed the Motion to Vacate. [Doc. 319 at 5 and Ex. F, G].

9

ORDERED that Bayview's request for sanctions is DENIED without prejudice to adjudication of its separate motion for sanctions pursuant to Rule 9011.

**END OF ORDER**

## **Distribution List**

Linda Coty Bullock
411 Billy Bullock Road
Dallas, GA 30175

Charles M. Hall
127 Peachtree Street, Suite 905
Atlanta, GA 30303

Kyle A. Cooper
Kyle A. Cooper, Trustee
Suite 102
615 Colonial Park Drive
Roswell, GA 30075

Paul G. Durdaller
Burr & Forman LLP
171 Seventeenth Street NW
Suite 1100
Atlanta, Georgia 30363

Brian J. Levy
Burr & Forman LLP
171 Seventeenth Street NW
Suite 1100
Atlanta, Georgia 30363